## Commonwealth v. Miller

*William Carlucci, assistant district attorney,* for the Commonwealth.

*Ronald Travis,* for defendant.

SMITH, *J.*, December 16, 1983—On January 23, 1983, a citation was issued to defendant charging him with failure to stop and give information after being involved in an accident involving damage to attended vehicle, 75 Pa.C.S. §3743(a). He was found guilty of the offense by Magistrate Gerald McGee on June 2, 1983. Defendant appealed the conviction to the court of common pleas.

## FINDINGS

The court makes the following findings of fact:

1. On May 4, 1983, defendant was driving a vehicle on the parking lot of the Weis Market in Loyalsock Township.

2. Defendant was involved in an accident which resulted in damage to the vehicle of complainant. The testimony of defendant that he did not strike the vehicle of the complainant was not credible.

3. The vehicle which defendant struck was attended by another person.

4. Defendant did not stop and remain at the scene of the accident to give his name, address and registration number nor did he show any other identification to the complainant.

5. Defendant did not report the accident to the police.

6. The parking lot on which the accident occurred was a private parking lot of the Weis Market and was for the use of customers of the Weis Market.

## DISCUSSION

There can be no doubt that defendant did not comply with Vehicle Code, section 3742(a). He was involved in an accident and he did not stop to give information. The legal issue presented is whether section 3734 applies to an accident which takes place in the parking lot of a supermarket.

Subchapter C. of Part III of the Vehicle Code (of which §3741 is a part) applies to only "highways and traffic ways". 75 Pa.C.S. §3741. A "traffic way" is defined as "[t]he entire width between property lines or other boundary lines of every way or place of which any part is open to the public for the purposes of vehicular travel as a matter of right or custom." 75 Pa.C.S. §102. Defendant asserts that he was improperly found guilty by the magistrate of violating Vehicle Code §3743 because the supermarket parking lot is not a traffic way.

To be a traffic way the way must have the four characteristics set forth in the statute: (1) found between property or other boundary lines; (2) open to the public; (3) for purposes of vehicular travel; and (4) as a matter of right or custom. The court will address in turn each of these characteristics with regard to the present case.

"Between Property Lines or Other Boundary Lines." The offense for which defendant is being prosecuted took place in a supermarket parking lot. The lot was designed, as most parking lots, so that traffic lanes occur alternately with columns of parking spaces. The parking lot is surrounded by the supermarket on one side and sidewalk on each of the other three sides. The lot is well delineated from the surrounding area by the painted lines that appear on the lot and by the end of the asphalt paving. The court finds that the entire parking lot is between "other boundary lines," the boundary lines being the building and sidewalk which surrounds the parking lot.

"Open to the Public". The parking lot is definitely open to the public. The supermarket is a business which is open to any and all people who desire to shop there. The supermarket does not enforce any restrictions against the use by the public of the

parking lot. Certainly, such a parking lot must be considered open to the public.

"For Purposes of Vehicular Travel." Likewise, there can be no doubt that the traffic lanes of the Weis Market parking lot are for purposes of vehicular travel. The parking lot was designed to handle vehicles, and certainly the only way to park is to "travel" in the vehicle to a space on the lot. The court finds that the way was available for purposes of vehicular travel.

"As a Matter of Right or Custom." Here the question is whether the public is permitted to drive on to the lot as a matter of right or custom. The court finds that it is customary for the public to drive on to a parking lot maintained by a supermarket for the use of its customers.

Having addressed all of the statutory criteria, the court finds that the parking lot in which the accident occurred at the Weis Market is a traffic way. However, defendant argued that there is less evidence of this parking lot being a traffic way than in the case of Commonwealth v. Carbaugh, 18 Craw. 88 (1983), and that the evidence introduced in this case is not enough to establish a traffic way under Carbaugh. However, the court in Carbaugh was merely reciting evidence that was introduced at trial from which the finder of fact could determine that the parking lot in that case was a traffic way. The court did not intend to set forth standards below which the way is no longer a traffic way. Carbaugh is not helpful to defendant's position.

## ORDER

And now, this December 16, 1983, the court finds defendant guilty of violating section 3743(a) of the Vehicle Code.